UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| | § | |
| v. | § | CRIMINAL NO. C-01-168(1) |
| | § | |
| SAUL CASAREZ-HERRERA | § | |

## MEMORANDUM OPINION AND ORDER DENYING DEFENDANT'S REQUEST FOR SENTENCE MODIFICATION

Pending before this Court is defendant's letter motion requesting modification in his sentence so that his federal sentence is served concurrently with his state revocation sentence. For the following reasons, the Court denies defendant's motion.

On November 10, 2000, defendant was sentenced to 4 years imprisonment at his state revocation hearing in cause number 98-CR-956-A. On October 24, 2001, this Court sentenced Defendant to 77 months imprisonment for illegal re-entry after deportation in violation of 8 U.S.C. § 1326(a)(2) and (b)(2). Defendant completed his state sentence on May 10, 2002 at which time he began serving his federal sentence. Defendant now seeks to have his federal sentence run consecutively with his state sentence so that the time he has served for his state criminal conviction is credited toward his federally imposed sentence.

"Multiple terms of imprisonment imposed at different times run consecutively unless the court orders that the terms are to run concurrently." 18 U.S.C. § 3584(a). At defendant's sentencing this Court did not order that the federal sentence was to run

concurrently with the state sentence.  Furthermore, the Court has reviewed its decision to impose a consecutive sentence in light of the factors enumerated in 18 U.S.C. § 3553(a).  Defendant has an extensive criminal history and the Court is satisfied that a consecutive sentence in this case is necessary.  Finally, when the Court sentenced defendant to a consecutive term of imprisonment U.S.S.G. § 5G1.3(c), Application Note 6 stated:

> If the defendant was on federal or state probation, parole, or supervised release at the time of the instant offense, and has had such probation, parole, or supervised release revoked, the sentence for the instant offense should be imposed to run consecutively to the term imposed for the violation of probation, parole, or supervised release in order to provide an incremental penalty for the violation of probation, parole, or supervised release.

Accordingly, the Court denies defendant's sentence modification request.

ORDERED this __17__ day of __July__, 2006.

_____
HAYDEN HEAD
CHIEF JUDGE